United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONELL HAYNIE,
Plaintiff,

v.

T. ASCENCIO, et al.,
Defendants.

Case No. 26-cv-10971-JSC

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a California prisoner at San Quentin Rehabilitation Center ("SQRC"), proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against two SQRC Correctional Officers, T. Ascencio and C. Bass. The operative complaint is the First Amended Complaint ("FAC"). Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the FAC is ordered served upon Defendants.

## BACKGROUND

The FAC alleges the following events. At 5:30 a.m. on September 1, 2026, Defendants Ascencio and Bass woke Plaintiff and informed him they would conduct a search of his cell. (ECF No. 6 at 4 ¶ 9.) Ascencio ordered him not to get dressed and to "step outside of the cell right now." (*Id.*) Plaintiff was "not yet [] fully conscious," and "ignored" Ascencio's order, and began getting dressed. (*Id.*) Ascencio entered the cell, tried to grab Plaintiff's arm, and punched Plaintiff in the side of the face. (*Id.*) Ascencio was in the cell for a total of 14 seconds, meanwhile Bass remained outside of Plaintiff's cell "in a position to see directly inside of the cell" and "to hear what was occurring," but he did not take any action to intervene. (*Id.* at 6 ¶¶ 19-22, 25.) Prison policy at that time required a "First or Second Level Manager" or the "Administrative Officer of the Day" to authorize and be present for any "controlled use of force." (*Id.* at 4 ¶ 7.)

Defendants did not summon such a person. (*Id.*) Plaintiff submitted a request for medical care for his injuries from the incident, and prison medical staff treated him two days later. (*Id.* at 5 ¶¶ 16-17.) Thereafter, Ascencio prepared a Rules Violation Report against Plaintiff, but the report did not "accurately document" Ascencio's entering the cell or his use of force. (*Id.* at 6 ¶ 29.)

On the day of the incident, Plaintiff submitted a form to Bass requesting to have his confiscated property returned. (*Id.* at 7 ¶ 32-34.) On the form, Plaintiff indicated he intended to file the instant lawsuit. (*Id.* at 7 ¶¶ 33, 35.) On September 8, 2026, Bass ordered a search of Plaintiff's cell. (*Id.* at ¶ 38.)

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented litigants must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff claims Defendants violated his Eighth Amendment rights because Ascencio used excessive force against him and Bass failed to intervene. (ECF No. 6 at 8-10 ¶¶ 48-63.) When liberally construed, Plaintiff's allegations are sufficient to state claims capable of judicial determination that Defendants violated his Eighth Amendment rights. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (holding "the unnecessary and wanton infliction of pain" upon a convicted prisoner "constitutes cruel and unusual punishment forbidden by the Eighth Amendment"); *cf. Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000) (holding officers may also be held liable if they have an opportunity to intercede when their fellow officers violate the constitutional rights of a plaintiff but fail to do so).

Plaintiff also claims Defendant Bass violated his First Amendment rights by ordering a cell search in retaliation for Plaintiff submitting a request to Bass in which Plaintiff stated his intention to sue both Defendants. (ECF No. 6 at 12-13 ¶¶ 74-85.) When liberally construed, Plaintiff's allegations state a First Amendment retaliation claim against Bass that is capable of judicial determination. *See generally Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Plaintiff also makes two state law claims. First, he claims Defendant Ascencio violated his rights under California's Bane Act, Cal. Civ. Code § 52.1, which authorizes suit against anyone who "interferes by threats, intimidation, or coercion . . . with the exercise or enjoyment" of rights secured by the state or federal Constitutions. (ECF No. 6 at 10-11 (¶¶ 64-70.) The elements of a claim under the Bane Act are: (1) the official "intentionally interfered or attempted to interfere

with the plaintiff's civil rights by threats, intimidation, or coercion. This includes making threats of violence, acting violently, or both, against the plaintiff or their property; (2) the plaintiff was harmed; and (3) the defendant's conduct was a substantial factor in causing the plaintiff's harm." Judicial Council of California Civil Jury Instructions (2023) No. 3066. Plaintiff's allegations that Ascencio injured him by punching him in the face unnecessarily plausibly alleges Ascencio used violence to interfere with Plaintiff's constitutional right to be free from cruel and usual punishment, and in doing so caused Plaintiff harm. Therefore, when liberally construed, Plaintiff's allegations state a claim capable of judicial determination against Ascencio for violating the Bane Act.

Finally, Plaintiff claims Defendants "intentionally inflicted emotional distress" upon him when they violated his First and Eighth Amendment rights, as described above. (ECF No. 6 at 11 ¶¶ 71-73.) Under California law, intentional infliction of emotional distress requires "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (Cal. 2009) (quotations omitted). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1050–51 (quotations omitted). When liberally construed, Plaintiff's allegations are sufficient to state a claim for intentional infliction of emotional distress.

## CONCLUSION

For the foregoing reasons,

1. Defendants T. Ascencio and C. Bass shall be served at San Quentin Rehabilitation Center.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the complaint, this order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide

the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. To expedite the resolution of this case:

a. No later than **February 1, 2027**, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **March 1, 2027.** Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendants shall file a reply brief no later than **March 15, 2027**.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 27, 2027

JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.